UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISON

| | |
|---|---|
| Summer Nolan,<br><br>PLAINTIFF<br><br>v.<br><br>Holiday Kamper Company, LLC, *d/b/a* Camping World RV Sales; Freedom Roads, LLC, *d/b/a* Camping World,<br><br>DEFENDANTS | Case No. 3:21-cv-2216-TLW<br><br><br>**ORDER** |

Plaintiff Summer Nolan filed this employment action in the Richland County Court of Common Pleas raising claims of sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. ECF No. 1–1. The above-named Defendants removed the action to federal court. ECF No. 1. Following removal, the parties agreed to dismiss this matter and proceed to arbitration pursuant to an arbitration agreement Plaintiff entered with the Defendants when she was hired. ECF No. 9.

After the arbitrator entered an order granting Defendant's motion to dismiss, Plaintiff returned to federal court, seeking to vacate the arbitration award. ECF No. 11. Plaintiff's motion was referred to the Honorable Paige J. Gossett, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). On May 31, 2023, the magistrate judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motion to vacate the award be denied. ECF No. 15.

Plaintiff filed objections to the Report, to which Defendants have now responded

in opposition. ECF Nos. 16 & 17. Accordingly, this matter is ripe for review.

## BACKGROUND

Plaintiff is a former employee of Defendants and worked as a sales manager from February 2017 until she was terminated in July 2020. ECF No. 17 at 1. Following her termination, she filed suit in the Richland County Court of Common Pleas. ECF No. 1–1. Defendants then timely removed the matter to federal court. ECF No. 1. After Plaintiff's counsel was advised that Plaintiff had signed a mandatory arbitration agreement, the parties agreed to dismiss the federal action to allow Plaintiff to pursue her claims in arbitration. ECF No. 17 at 1–2.

After engaging in significant discovery, both parties filed cross-motions for summary judgment. *Id.* at 2. Thereafter, the arbitrator entered a detailed order analyzing the Plaintiff's claims and Defendants' defenses, along with the legal and factual arguments in support of the parties' respective motions for summary judgment. ECF No. 13–2. The arbitrator's order outlined (1) the relevant facts, and (2) set forth specific cases outlining the law that applies in connection with his decision. *Id.* In doing so, the arbitrator denied Plaintiff's motion for summary judgment and entered an award granted Defendants' motion for summary judgment. *Id.*

After the arbitrator entered his order, Plaintiff returned to federal court, seeking to vacate the award. ECF No. 11. Defendants' opposed Plaintiff's motion, and Plaintiff replied to their opposition. ECF Nos. 13 & 14. After thoroughly reviewing both parties' filings and the underlying arbitration order, the magistrate judge entered her Report recommending that this Court deny Plaintiff's motion to

vacate the award. ECF No. 15.

## THE REPORT

In her Report, although short in length, the magistrate judge precisely outlines why Plaintiff's motion to vacate the arbitration award should be denied. The magistrate judge concludes that Plaintiff fails to succeed in her "herculean task" of convincing the Court to vacate the arbitrator's order. *Id.* at 1 (quoting *Warfield v. Icon Advisors, Inc.*, 26 F.4th 666, 669 (4th Cir. 2022)). The Report notes that the Court's review of an arbitrator's decision "is among the narrowest known at law" and that "[a] district court may vacate an arbitration award on one of the statutory grounds listed in the Federal Arbitration Act, 9 U.S.C. § 10(a), or where the arbitration award rests upon a manifest disregard of the law." *Id.* at 1–2 (citations omitted). The Report notes that Plaintiff only asserts that the arbitrator acted with manifest disregard of the law and that, "[t]o establish manifest disregard, a party must demonstrate: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." *Id.* (citing *Warfield*, 26 F.4th at 669–70).

In reviewing Plaintiff's motion in accordance with the manifest disregard standard, the magistrate judge found that "Nolan fails to identify a clearly defined legal principle that the arbitrator refused to apply" and notes that her "entire memorandum in support of the motion to vacate analyzes the facts and law in this case as if Nolan were moving for summary judgment." *Id.* That conclusion is correct. In concluding that the summary judgment standard is inapplicable at this stage, the Report notes that Plaintiff argues that the arbitrator manifestly disregarded three decisions of the United

States Court of Appeals for the Fourth Circuit.[1] *Id.* However, the Report concludes that Plaintiff "fails to articulate specific legal principles from those decisions that control the outcome in this case" and further "fails to identify any portion of the arbitrator's decision that is controlled by the principles." *Id.* at 3. That conclusion is correct. Thus, the magistrate judge "is unable to evaluate whether the arbitrator disregarded those principles." *Id.* at 3. Hence, she recommends that this Court deny Plaintiff's motion to vacate the arbitration award. *Id.* at 4

### PLAINTIFF'S OBJECTIONS AND DEFENDANTS' RESPONSE

As noted, Plaintiff filed objections to the Report. ECF No. 16. Specifically, Plaintiff lodges ten objections to the Report, which largely contest the arbitrator's decision, rather than challenge the magistrate judge's application of the law. The objections are:

(1) "Plaintiff objects to the R&R's finding that the arbitrator did not disregard binding precedent in reaching his Rule 56 rulings,"

(2) "The R&R erred by finding that Plaintiff did not identify the legal principle that forecloses dismissal of her retaliation claim under Rule 56."

(3) "The R&R erred in finding that Plaintiff did not show the arbitrator's decision on her retaliation claim was controlled by the identified legal principles."

(4) "The R&R erred in finding the arbitrator did not ignore controlling precedent in propounding his decision on Plaintiff's retaliation claim."

(5) "The R&R erred by finding that Plaintiff did not clearly identify the legal principle that forecloses dismissal of her sex discrimination claim under Rule 56."

---

[1] These cases are *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111 (4th Cir. 2021); *Laurent-Workman v. Wormuth*, 54 F.4th 201 (4th Cir. 2022); and *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015). *See* ECF No. 11-1 at 9–10.

(6) "The R&R erred in finding that Plaintiff did not show the arbitrator's decision on her sex discrimination claim was controlled by the identified legal principles."

(7) "The R&R erred in finding the arbitrator did not ignore controlling precedent in propounding his decision on Plaintiff's sex discrimination claim."

(8) "The R&R erred by finding that Plaintiff did not clearly identify the legal principle that forecloses dismissal of her unlawful harassment claim under Rule 56."

(9) "The R&R erred in finding that Plaintiff did not show the arbitrator's decision on her unlawful harassment claim was controlled by the identified legal principles," and

(10) "The R&R erred in finding the arbitrator did not ignore controlling precedent in propounding his decision on Plaintiff's unlawful harassment claim."

ECF No. 16 at 1–7.

Defendants' arguments in response in opposition to Plaintiff's objections are twofold. First, Defendant asserts that "Plaintiff fails to raise any specific objection to the Magistrate Judge's findings and, instead, re-argues the same points that have now been rejected by both the Arbitrator and the magistrate judge." ECF No. 17 at 2. Second, to the extent Plaintiff filed specific objections, Defendant asserts that they ignore the stringent standard of review applied by the magistrate judge and instead voice mere disagreement with the arbitrator's order. ECF No. 17 at 3.

## ANALYSIS

The Court is charged with reviewing *de novo* any portion of the magistrate judge's Report to which a *specific objection* is registered, and may accept, reject, or

modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed, *de novo*, the arbitrator's order, Plaintiff's motion to vacate, Defendants' response in opposition, the Report, Plaintiff's objections, and Defendants' response. The Court has carefully considered the Report and the objections to the Report. In doing so, the Court concludes that Plaintiff's motion to vacate should be denied.

There is general law that applies to review of an arbitration award. "It is well settled that a court's review of an arbitration award 'is among the narrowest known to the law.'" *U.S. ex rel. Coastal Roofing Co. v. P. Browne & Assocs., Inc.,* 771 F. Supp. 2d 576, 579 (D.S.C. 2010) (quoting *United States Postal Service v. Am. Postal Workers Union, AFL–CIO,* 204 F.3d 523, 527 (4th Cir. 2000)). "A court sits to 'determine only whether the arbitrator did his job—not whether he did it well,

correctly, or reasonably, but simply whether he did it.'" *Am. Postal Workers Union*, 204 F.3d at 527 (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)). The Fourth Circuit has repeatedly emphasized the limited scope of judicial review because "[a] policy favoring arbitration would mean little, of course, if arbitration were merely the prologue to prolonged litigation . . . Opening arbitral awards to myriad legal challenges would eventually reduce arbitral proceedings to the status of preliminary hearings." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994).

Plaintiff focuses her objections on one primary argument: that the arbitrator manifestly disregarded the law. In evaluating whether an arbitrator acted with manifest disregard, "a court must proceed cautiously, as a 'court's belief that an arbitrator misapplied the law will not justify vacation of an arbitral award.'" *Long John Silver's Restaurants, Inc. v. Cole*, 409 F. Supp. 2d 682, 685 (D.S.C. 2006), *aff'd*, 514 F.3d 345 (4th Cir. 2008) (quoting *Remmey*, 32 F.3d at 149). Instead, a court may only vacate the decision where a party has shown that "that the arbitrator was aware of the law, understood it correctly, found it applicable to the case before him, and yet chose to ignore it in propounding his decision." *Remmey*, 32 F.3d at 149 (cleaned up). To do so, the moving party must show "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle." *Constellium Rolled Prod. Ravenswood, LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied*

*Indus. & Serv. Workers Int'l Union AFL-CIO/CLC*, 18 F.4th 736, 741 (4th Cir. 2021) (cleaned up).

Plaintiff has not made the requisite showing here. Her objections do not identify an applicable, specific legal principle that is clearly defined, and which was "manifestly disregarded" by the arbitrator. Plaintiff is required to show that the arbitrator was "aware of the law, understood it correctly, found it applicable to the case before him, and yet chose to ignore it in propounding his decision." *Id.* (citations and internal quotations omitted). Plaintiff's position is not persuasive as the arbitrator cites an abundance of applicable law in his order and properly applies that law to the facts he found relevant. Generally, the ten objections refer to evidence, Title VII legal standards, and other purported legal principles evaluated by the arbitrator in ruling on the cross-motions for summary judgment. Plaintiff objects to the arbitrator's application and analysis of these legal principles and his view of the evidence. These objections, however, are not a basis for vacating the arbitrator's decision under the "manifest disregard" standard because they are, in fact, legal principles subject to reasonable debate that apply to the issues in the Plaintiff's case—specifically, at the summary judgment stage.

In applying the manifest disregard standard, the Court agrees with the magistrate judge that the arbitrator did not manifestly disregard the law. The arbitrator's order in fact shows that the arbitrator followed and considered relevant applicable law to this case. There is simply no indication that the arbitrator "manifestly disregarded" the applicable law. The arbitrator's order shows the

opposite: that the applicable law was applied. Arguing "[m]anifest disregard 'is not an invitation to review the merits of the underlying arbitration.'" *Id.* at 741–42 (quoting *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 483 (4th Cir. 2012)). While not appealable here, even if Plaintiff were correct about the arbitrator's review of the evidence and application of the summary judgment legal standard to that evidence, it would—at worst—show "'a misinterpretation of law, faulty legal reasoning, or erroneous legal conclusion,' all of which fall short of manifest disregard." *Id.* at 742 (quoting *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991)). Based on the Court's review of the arbitrator's order and the Report, there is no basis to conclude that the arbitrator "knowingly ignored applicable law when rendering his decision." *Id.* Indeed, the arbitrator's order explicitly cites to, discusses, and, where necessary, distinguishes the applicable law from the Fourth Circuit, which Plaintiff argues he manifestly disregarded. ECF No. 13–2 at 4–6. The relevant caselaw is set forth and properly applied in the arbitrator's order. Moreover, as noted by the magistrate judge, Plaintiff "fails to identify any portion of the arbitrator's decision that is controlled by the principles" articulated in these decisions that she believes the arbitrator manifestly disregarded. ECF No. 15 at 3.

In summary, a review of the arbitrator's order shows the arbitrator (1) set forth the facts relevant to his decision, and (2) set forth the law relevant to his decision. He properly applied the relevant law to the relevant facts. A review of the arbitrator's order clearly supports this conclusion. Further, a review of his order

does not show that he "manifestly disregarded" the applicable law. Plaintiff's assertion that the arbitrator disregarded binding precedent does not identify the proper legal principles and recognized controlling precedent, as set forth in the objections to the Report, is not persuasive for the reasons stated in this order.

Accordingly, for the reasons stated by the magistrate judge, the Report, ECF No. 15, is **ACCEPTED**, Plaintiff's objections, ECF No. 16, are **OVERRULLED**, and Plaintiff's motion to vacate the arbitration award, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED.**

                                                      *s/ Terry L. Wooten*
                                                      Terry L. Wooten
                                                      Senior United States District Judge

August 25, 2023
Columbia, South Carolina